**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**ANGEL SALVADOR ORDEZ SILVA,**

*Petitioner*,

v.

**LUIS SOTO**, ***et al.***,

*Respondents*.

No. 26-cv-14618

**ORDER**

**O'HEARN, District Judge.**

**WHEREAS**, on November 12, 2026, Petitioner Angel Salvador Ordez Silva[1] filed a second Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the procedural adequacy of his November 5, 2026 bond hearing and seeking immediate release or, alternatively, a new bond hearing. (ECF No. 1); and

**WHEREAS**, Petitioner previously challenged his detention in *Ordez Silva v. Soto*, Civ. No. 26-13005, in which Respondents represented that Petitioner was detained pursuant to 8 U.S.C. § 1226(a). (Civ. No. 26-13005, ECF No. 5 at 1); and

**WHEREAS**, in that proceeding, Petitioner alleged that an October 9, 2026 bond hearing occurred without advance notice to him or his counsel, that the Immigration Judge denied his request to have counsel present, and that bond was denied because he had not presented evidence of a sponsor or fixed address. (Civ. No. 26-13005, ECF No. 8 at 8–11); and

[1] The Court observes that there is a discrepancy between the name in Petitioner's filings before this Court, (see, e.g., ECF No. 1 (referring to Petitioner as Angel Salvador *Ordez* Silva) (emphasis added)), and the underlying immigration proceedings. (*See, e.g.*, ECF No. 3-5 (referring to Petitioner as Angel Salvador *Ordonez*-Silva) (emphasis added)). For the sake of clarity, the Court will use the name provided in Petitioner's filings before this Court.

**WHEREAS**, on October 15, 2026, this Court directed Respondents either to respond to Petitioner's allegations or to provide a new bond hearing pursuant to § 1226(a) within seven days, and further directed that, if Respondents elected to provide a new hearing, they ensure that Petitioner and his counsel received "reasonable advance notice" and that Petitioner received "a meaningful opportunity to present evidence and arguments." (Civ. No. 26-13005, ECF No. 9); and

**WHEREAS**, Respondents elected to provide a new hearing, which was scheduled for October 19, 2026, but Petitioner's counsel withdrew the bond request before a custody determination was made because, according to the present Petition, the supporting sponsor and residence evidence was not yet complete. (Civ. No. 26-13005, ECF No. 11); and

**WHEREAS**, after Respondents reported that Petitioner had withdrawn his bond request, this Court ordered Petitioner to show cause why the first petition should not be dismissed, and, after Petitioner failed to respond, dismissed that petition without prejudice on October 27, 2026. (Civ. No. 26-13005, ECF Nos. 12–13); and

**WHEREAS**, in this second Petition, Petitioner alleges that he subsequently sought custody redetermination and submitted evidence concerning a United States citizen sponsor, his residence, his identity, and his community ties. (ECF No. 1 at ¶ 18); and

**WHEREAS**, Petitioner alleges that, at the November 5, 2026 hearing, the Immigration Judge admitted his supporting evidence but treated the October 9, 2026 determination as the prior bond redetermination for purposes of 8 C.F.R. § 1003.19(e) and denied bond for "[n]o changed circumstances," without substantively addressing that evidence. (*Id.* at ¶ 19); and

**WHEREAS**, Petitioner contends that application of the materially changed circumstances requirement carried forward the alleged procedural deficiencies of the October 9 hearing and deprived him of a meaningful opportunity to obtain an individualized custody determination. (*Id.*

at ¶¶ 26–28); and

**WHEREAS**, Petitioner acknowledges that he has not appealed either bond determination to the Board of Immigration Appeals and contends that exhaustion should be excused. (*Id.* at ¶¶ 21–22); and

**WHEREAS**, the Court requires a response and the relevant record before resolving Petitioner's claims;

**IT IS,** therefore, on this 12th day of November, 2026,

**ORDERED** that, within five (5) days of the date of this Order, Respondents shall file a response addressing the procedural adequacy of Petitioner's November 5, 2026 bond hearing, including:

1. Whether Petitioner received a meaningful opportunity to present evidence and arguments and an individualized custody determination based on the record before the Immigration Judge; and
2. Whether and how the Immigration Judge considered the evidence concerning Petitioner's sponsor, residence, identity, and community ties; and
3. Whether application of the materially changed circumstances requirement under 8 C.F.R. § 1003.19(e), measured from the October 9, 2026 bond determination, was appropriate in light of the alleged procedural deficiencies in that proceeding and this Court's October 15, 2026 Order;

and it is further

**ORDERED** that Respondents shall submit with their response the relevant custody determinations and any available transcript or recording of that hearing. If a transcript or recording is unavailable, Respondents shall explain its unavailability, state whether it has been requested,

and provide its anticipated availability date, if known; and it is further

**ORDERED** that Petitioner may file a reply within three (3) days after service of Respondents' submission; and it is finally

**ORDERED** that, in light of this Order and the Court's previous Order enjoining Petitioner's transfer, the Motion for a Temporary Restraining Order that accompanies the second Petition, (ECF No. 1 at ¶¶ 37–38), is **DENIED AS MOOT.**

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**

Dated: November 13, 2026